**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy J. BONACICH, Defendant–Appellant.**

No. 06–10359.

United States Court of Appeals, Ninth Circuit.

Submitted April 18, 2007.*

Filed April 23, 2007.

Marianne A. Pansa, Esq., USF–Office of the U.S. Attorney, Jonathan B. Conklin, Esq., Fresno, CA, for Plaintiff–Appellee.

Melody M. Walcott, Esq., FPDCA–Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

1. The district court did not err by considering at the sentencing phase the writings discovered in Bonacich's home. The writings were admitted and considered only to the limited extent they were relevant to assess Bonacich's history and characteristics, and to rebut his contention

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that he was merely curious about child pornography. *See* 18 U.S.C. 3553(a)(1); *Wisconsin v. Mitchell,* 508 U.S. 476, 489, 113 S.Ct. 2194, 124 L.Ed.2d 436 (1993); *Barclay v. Florida,* 463 U.S. 939, 949, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983). Moreover, even if the district court had erred, we are persuaded that any error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Because the sentencing judge focused primarily on the content and volume of the pornographic images found in Bonacich's home and gave scant weight to the content of the writings, it is beyond any reasonable doubt that the resulting sentence would have been the same. *See Valerio v. Crawford,* 306 F.3d 742, 756 (9th Cir.2002) (en banc).

2. Bonacich's challenge to the reasonableness of his sentence is without merit. The district court carefully and explicitly considered Bonacich's individual characteristics and background, along with the other factors required by 18 U.S.C. § 3553. The district court did not afford improper weight to the Guidelines, its procedures were not otherwise defective, and it ultimately imposed a reasonable sentence.

**AFFIRMED.**